Mildred **JEFFREY**, Individually and as mother, natural and confirmed tutrix of the minor, Stephen Clark Jeffrey, Plaintiff-Appellant,

v.

**GENERAL MOTORS CORPORATION**, Defendant-Appellee.

No. 74–1145
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 5, 1974.

Charles R. Maloney, Forrest L. Bethay, Sr., New Orleans, La., for plaintiff-appellant.

Richard L. Bodet, Jerry L. Saporito, Metairie, La., for defendant-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

■■ In this diversity products liability case, we can find no justification in the record for the District Court's dismissal on its own motion under F.R. Civ.P. 19(b). There is nothing before us to show that the case could not proceed against General Motors Corporation on a products liability theory without the joinder of any other party. Indeed the appellee, General Motors Corporation, concedes as much when it first failed to brief this appeal in the time required by the rules and then in its brief filed at the request of this Court concedes that "[i]t does believe, however, that there was not sufficient basis for the Court to dismiss pursuant to Rule 19." When a District Court errs on its own motion in such a way as this, it would progress the litigation for the defendant to join with the plaintiff in bringing the matter to the attention of the trial court. If the trial court had the advantage of the briefs which have been filed with us, we have no doubt that the error would have been expeditiously corrected and the litigation could be well on its way by now without burdening the system with an unnecessary appeal.

The costs of this appeal are taxed against the appellee.

Vacated and remanded.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.